IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

Case No. :

JOHN DOE, a.k.a. B.E.
Plaintiff,

v.

AETNA HEALTH INC.,
a Florida corporation.
Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JOHN DOE, a.k.a. B.E., by and through the undersigned counsel and files this Complaint against Defendant, AETNA HEALTH, INC., (hereinafter "Aetna") and in support thereof states as follows:

1. This is an action for breach of contract, negligence, negligence per se, negligent infliction of emotional distress, and invasion of privacy with damages exceeding $15,000.00 dollars exclusive of interest, costs, and attorney's fees.

## THE PARTIES

2. Plaintiff, B.E. is a resident of Orange County Florida and client of Defendant, Aetna Health, Inc.

3. Defendant, AETNA HEALTH INC., (hereinafter "Aetna") is a Florida health care insurance organization providing health care insurance to individuals in the Central Florida area with a principle place of business located at 4630 Woodlands Corporate Blvd., Hillsborough County, Tampa, Florida 33614.

## VENUE AND JURISDICTION

4. Venue and jurisdiction are proper in Orange County, Florida because Plaintiff's damages are in excess of $15,000.00 exclusive of attorney's fees, costs and interest and all causes of action alleged herein accrued in Orange County, Florida.

## GENERAL ALLEGATIONS

5. At all times material hereto, B.E. was a client of Aetna.

6. At all times material hereto, Aetna maintained and managed individual identifiable and confidential health care information as to B.E. pursuant to 45 C.F.R. Parts 160 and 164, Subparts A, C and E, the Privacy Security Rules, Security Standards for the Protection of Electronic Protected Health Information.

7. Aetna must maintain compliance with the Federal Standards for Privacy of Identifiable Health Information and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) that also sets forth the standard of care for private health care information disclosure violations in the State of Florida.

8. On or about July 28, 2017 Aetna mailed B.E. a letter related to a change in B.E.'s pharmacy benefits and access to medications that contained private health care information as to B.E.

9. The aforementioned letter was contained in an envelope with a very large window that displayed B.E.'s personal health care information such as the first name, last name, address and a reference to filling prescriptions for HIV medications all within the same large window in the envelope. Noting that directly above B.E.'s name are the words "Claim#:███████████" (See attached Exhibit "A")

10. Specifically, the minimum amount of information displayed through the window of the envelope was: "The purpose of this letter is to advise you of the options [hidden text] Aetna health plan when filling prescriptions for HIV Medic[hidden text] members can use a retail pharmacy or a mail order pharma[hidden text] It's the members choice."

11. Further confidential health care information of B.E. could be displayed through the unusually large window in the envelope as the letter inside the envelope was moved and manipulated through normal handling.

12. B.E. is in fact HIV positive and takes HIV medications.

13. B.E.'s HIV status was kept private from all persons except for those specifically chosen by B.E. for more than 10 years, until Aetna's unlawful disclosure.

14. B.E.'s confidential health care information was unlawfully disclosed by Aetna to various members of the public and postal employees from the time of mailing to the placing of the envelope in B.E.'s mailbox.

15. B.E.'s confidential health care information was unlawfully disclosed by Aetna to members of the public that were also B.E.'s friends, neighbors and members of his/her household when the letter was retrieved from the mailbox and left on the kitchen counter of B.E.'s residence with B.E.'s aforementioned confidential health care information openly disclosed to whomever viewed it on the counter.

16. B.E. now has to live for the rest of his/her life with the stigma, stress and anxiety of not knowing who may or may not know of his/her medical condition as referenced herein and also with those that have in fact learned of B.E.'s medical condition as a result of Aetna's unlawful disclosure of B.E.'s private health care information.

17. B.E. did not consent to any disclosure of private confidential health care information disclosed as alleged herein as admitted via letter dated August 24, 2017 from Aetna. (Exhibit "B")

18. All conditions precedent pursuant to this action have been waived and/or complied with.

## COUNT 1
### (Breach of Contract)

19. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth in this cause of action.

20. B.E. and Aetna executed a valid, binding and enforceable contract. (HIPAA Release form, not currently in B.E.'s possession)

21. Aetna materially breached the contract by unlawfully disclosing B.E.'s private health care information.

22. B.E. suffered damages as a result of Aetna's breach of that contract by releasing B.E.'s private health care information to unauthorized persons in that B.E.'s private and confidential HIV status and medicinal information is now known to unauthorized persons.

23. B.E. has incurred attorney's fees and costs as a result of Aetna's unlawful acts. As such Aetna should pay B.E.'s attorney's fees and costs.

WHEREFORE, Plaintiff, B.E., respectfully requests that this honorable Court enter judgment against Defendant, Aetna, Inc., for breach of contract and award B.E. damages in excess of $15,000.00; and order that Aetna pay B.E.'s attorney's fees, costs and interest; and for any other and such relief as this Court deem just, proper or equitable.

## COUNT II
(Negligence)

24. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth in this cause of action.

25. Aetna owed B.E. a reasonable duty of care to maintain the confidentiality and security of B.E.'s health care information.

26. Aetna breached the duty of care owed to B.E. when Aetna negligently disclosed B.E.'s confidential health care information via the large window in the aforementioned letter identified as Exhibit A.

27. B.E. suffered damages as a result of Aetna's negligent actions in that B.E.'s private health care information was disclosed to unauthorized persons and his/her HIV status is now known by an unidentified, unknown number of persons without authorization to obtain such information.

28. Aetna was in exclusive control of B.E.'s disclosed confidential health care information at all times hereto.

29. But for Aetna's actual disclosure of B.E.'s confidential health care information, B.E.'s damages would not have occurred.

30. B.E. suffered foreseeable proximate damages as a result of Aetna's negligent disclosure of B.E.'s private health care information because the type of damage's incurred by B.E. (the disclosure of his/her private health care information to unauthorized persons) caused increased stress, anxiety, insomnia and depression in B.E. for which B.E. has sought treatment of from his Infectious Disease Physician and Primary Care Physician and has been prescribed medications for, are the type of foreseeable damages that naturally flow from the unlawful disclosure of same.

31. As a result of Aetna's actions as alleged herein, B.E. missed approximately fifteen (15) days of work that are no longer available to B.E. as paid time off.

32. B.E. has incurred attorney's fees and costs as a result of Aetna's unlawful acts. As such Aetna should pay B.E.'s attorney's fees and costs.

WHEREFORE, Plaintiff, B.E., respectfully requests that this honorable Court enter judgment against Defendant, Aetna, Inc., for negligence and award B.E. damages in excess of $15,000.00; and order that Aetna pay B.E.'s attorney's fees, costs and interest; and for any other and such relief as this Court deem just, proper or equitable.

## COUNT III
### (Negligent Infliction of Emotional Distress)

33. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth in this cause of action.

34. At all relevant times Aetna owed B.E. a duty of reasonable care to maintain the confidentiality of B.E.'s confidential health care information.

35. The damages suffered by B.E.'s were reasonably foreseeable as the type of damages expected to result from negligent disclosure of B.E.'s confidential health care information.

36. At all times Aetna had exclusive ownership and authority to control the B.E.'s confidential health care information, as well as the actions of the employee(s) and/or vendors that lead to the negligent disclosure of B.E.'s medical records.

37. At all times Aetna knew or should have known that the conduct described herein would and did proximately result in B.E.'s emotional distress.

38. B.E. is entitled to compensatory and punitive damages to be ascertained at trial.

39. B.E. has incurred damages in the form of increased stress, anxiety, depression and insomnia as a result of Aetna's disclosure of his confidential healthcare information and for which B.E. has sought medical treatment of those aggravated conditions from his Infectious Disease Physician and his Primary Care Physician that have in turn prescribed medications for B.E. As such Aetna should pay B.E.'s attorney's fees and costs.

40. As a result of Aetna's actions as alleged herein, B.E. missed approximately fifteen (15) days of work that are no longer available to B.E. as paid time off.

41. B.E. has incurred attorney's fees and costs as a result of Aetna's unlawful disclosure of his/her private health care information.

WHEREFORE, Plaintiff, B.E., respectfully requests that this honorable Court enter judgment against Defendant, Aetna, Inc., for negligent infliction of emotional distress and award B.E. damages in excess of $15,000.00; and order that Aetna pay B.E.'s attorney's fees, costs and interest; and for any other and such relief as this Court deem just, proper or equitable.

## COUNT IV
### (Negligence Per Se)

42. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth in this cause of action.

43. Aetna's conduct with regard to its retention, maintenance and disclosure of patient medical records is governed by F.S. 395.025 and F.S. 456.057.

44. Florida Statutes 395.025 and 456.057 create a statutory standard of care for the retention, maintenance and disclosure of patient medical records.

45. Aetna breached the standard of care required for the disclosure of patient medical records under Florida Statutes 395.025 and 456.057 by failing to keep B.E.'s private health care information confidential and negligently disclosed B.E's private health care information.

46. B.E. is among the protected class of persons for which the aforementioned statutes were designed to protect against injury or otherwise unauthorized disclosure and use of medical records and private health care information.

47. Aetna's violation of these statutory standards established by Florida Statutes 395.025 and 456.057 proximately caused B.E. damages warranting an award of compensatory damages against Aetna.

48. B.E. suffered foreseeable damages as a result of Aetna's negligent disclosure of B.E.'s private health care information because the type of damage's incurred by B.E. (the disclosure of his/her private health care information to unauthorized persons) that caused B.E. increased stress, anxiety, insomnia and depression as a result of Aetna's disclosure for which B.E. has sought treatment from his Infectious Disease Physician and Primary Care Physician and has been prescribed medications for, are the type of foreseeable damages that naturally flow from the unlawful disclosure of same.

49. As a result of Aetna's actions as alleged herein, B.E. missed approximately fifteen (15) days of work that are no longer available to B.E. as paid time off.

50. B.E. has incurred attorney's fees and costs as a result of Aetna's unlawful acts of disclosing his/her personal and private health care information to unauthorized persons. As such Aetna should pay B.E.'s attorney's fees and costs.

WHEREFORE, Plaintiff, B.E., respectfully requests that this honorable Court enter judgment against Defendant, Aetna, Inc., for negligence per se and award B.E. damages in excess of $15,000.00; and order that Aetna pay B.E.'s attorney's fees, costs and interest; and for any other and such relief as this Court deem just, proper or equitable.

## COUNT V – INVASION OF PRIVACY
### (Public Disclosure of Private Facts)

51. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth in this cause of action.

52. B.E. has and continues to have a reasonable expectation of privacy in the protection and confidentiality of his/her private health care information. (Fla. Const. Art. I, Sec. 23)

53. B.E. has a statutory and Florida Constitutional Right to privacy in his/her medical information.

54. Aetna has and continues to have a statutory obligation to maintain the privacy of B.E.'s health care information.

55. Aetna intruded upon B.E.'s privacy by permitting unauthorized access and disclosure of B.E.'s medical records to unauthorized personnel.

56. The intrusion into personal confidential medical information is highly offensive to a reasonable person.

57. B.E.'s personal health care information is of no legitimate public concern.

58. B.E. has incurred damages in the form of increased stress, anxiety, depression and insomnia as a result of Aetna's disclosure of B.E.'s confidential health care information for which B.E. has sought treatment from his Infectious Disease Physician and his Primary Care Physician and for which B.E. has been prescribed medications for those aggravated conditions.

59. As a result of Aetna's actions as alleged herein, B.E. missed approximately fifteen (15) days of work that are no longer available to B.E. as paid time off.

60. B.E. has incurred attorney's fees and costs as a result of Aetna's unlawful disclosure of his/her private and confidential health care information. As such Aetna should pay B.E.'s attorney's fees and costs.

WHEREFORE, Plaintiff, B.E., respectfully requests that this honorable Court enter judgment against Defendant, Aetna, Inc., for invasion of privacy and award B.E. damages in excess of $15,000.00; and order that Aetna pay B.E.'s attorney's fees, costs and interest; and for any other and such relief as this Court deem just, proper or equitable.

PLAINTIFF DEMANDS JURY TRIAL ON ALL MATTERS TRIED HEREIN.

Respectfully submitted this 14th day of May, 2018

Jennifer A. Englert, Esq.
Fla. Bar No. 180297
The Orlando Law Group, PL
12301 Lake Underhill Rd., Suite 213
Orlando, Florida 32828
Telephone:   407-512-4394
Facsimile:   407-955-4654
Email: JEnglert@theorlandolawgroup.com
Secondary Email:
cneedham@theorlandolawgroup.com
*Attorney for Plaintiff*

# EXHIBIT A TO COMPLAINT

SEALED IN ENTIRETY BY STATE COURT

# EXHIBIT B TO COMPLAINT

## SEALED IN ENTIRETY BY STATE COURT