UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                                             Case No. 6:18-cv-979-Orl-37GJK

AETNA LIFE INSURANCE
COMPANY,

    Defendant.
_____

## **ORDER**

Before the Court is Defendant Aetna Life Insurance Company's ("**ALIC**") motion to dismiss Plaintiff's second amended complaint with prejudice and memorandum of law in support. (Doc. 40 ("**Motion**").) Plaintiff opposes. (Doc. 42.) On review, the Motion is due to be granted in part and denied in part.

### I.     BACKGROUND

This action concerns a letter mailed to Plaintiff by ALIC, Plaintiff's insurance provider, concerning Plaintiff's private health care information, including Plaintiff's HIV status, revealed to the envelope's beholder through its very large window. (Doc. 39, ¶¶ 5, 9–12.) The envelope showed:

-1-

> **aetna**
>
> Postal Service: Please do not mark barcode
> Claim#: ATD-30001818 - 5     001698
>
> ORLANDO, FL 32824-7868
>
> Dear ▓▓▓▓▓▓▓▓:
>
> The purpose of this letter is to advise you of the options ▓
> Aetna health plan when filling prescriptions for HIV Medi▓
> members can use a retail pharmacy or a mail order pharma▓
>
> EAAZSP1  32824

(Doc. 39-A.)

Visible also was Plaintiff's full name, address, and claim number. (Doc. 39, ¶ 9.)

Plaintiff is HIV positive and takes HIV medications. (*Id.* ¶ 12.) For more than ten years, Plaintiff kept this information private "from all persons except for those specifically chosen by [Plainitff], . . . until ALIC's unlawful disclosure." (*Id.* ¶ 13.) Because of the window, Plaintiff alleges that his/her "confidential health care information was unlawfully disclosed by ALIC to various members of the public and postal employees from the time of mailing to the placing of the envelope in [Plaintiff's] mailbox." (*Id.* ¶ 14.) Indeed, "to deliver the letter," "postal employees must have viewed [the] protected healthcare information," as well as the "household members residing with [Plaintiff]," as the letter was "left on the kitchen counter of [Plaintiff's] residence." (*Id.* ¶¶ 15–17.) Plaintiff even received a letter from ALIC recognizing the envelope issue, saying "in some cases, personal health information was visible through the window of the envelope used to send the letter." (Doc. 39-B.) This viewable information was an individual's "first

name, last name, address, and in some cases, a reference to filling prescriptions for HIV medications." (*Id.*)

Now, Plaintiff has to live "with the stigma, stress and anxiety of not knowing who may or may not know of his/her medical condition . . . and also with those that have in fact learned of [Plaintiff's] medical condition as a result of ALIC's unlawful disclosure." (Doc. 39, ¶ 18.) Thus, Plaintiff brings four state-law claims against ALIC for this disclosure: (1) breach of contract; (2) negligence; (3) negligent infliction of emotional distress; and (4) invasion of privacy, specifically public disclosure of private facts. (*Id.* ¶¶ 21–40, 51–59.)[1] For damages, Plaintiff alleges that he/she suffered "increased stress, anxiety, depression and insomnia," along with missing approximately fifteen days of work. (*Id.* ¶¶ 58–59.) In response, ALIC moved to dismiss Plaintiff's complaint with prejudice, arguing: (1) Plaintiff lacks standing; (2) Plaintiff's claims are pre-empted by the Employee Retirement Income Security Act ("**ERISA**"); and (3) Plaintiff failed to plead plausible claims. (Doc. 40.) Briefing complete (Doc. 42), the matter is ripe.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal

---

[1] The operative complaint does not have numbered paragraphs 41–50. (*See* Doc. 39.) The Court construes this as a scrivener's error, as the Counts are labelled I, II, III, and IV.

quotation marks omitted). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction, and a factual attack under that rule raises that challenge "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925.

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976 (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)).

**B.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

-4-

plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

ALIC contends dismissal is appropriate here because Plaintiff lacks standing and the operative complaint fails to state a clam. (Doc. 40.) The Court takes each argument in turn.

**A. 12(b)(1) Motion**

First, ALIC claims this Court lacks jurisdiction over Plaintiff's claims because Plaintiff lacks standing.[2] (*Id.* at 7–10.) To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury will be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). ALIC claims the first element is missing: Plaintiff has failed to allege facts sufficient to demonstrate injury-in-fact because Plaintiff did not specifically allege that someone actually saw the private health care information through the envelope's window. (Doc. 40, pp. 7–10.) Thus, ALIC contends that Plaintiff's injuries are merely speculative, with an intangible risk of future harm that fails to meet Article III's jurisdictional threshold. (*Id.*) To that end, ALIC relies on several cases involving third-party data breach claims where courts found that suffering from a data breach, without more, did not constitute injury in fact. (*See id.* (collecting cases).) Rather,

---

[2] The Court construes ALIC's 12(b)(1) challenge as facial, not factual, as ALIC's only exhibit to the Motion concerns ALIC's 12(b)(6) attack. (*See* Doc. 40-1.)

additional consequences needed to be alleged to support standing. (*See id.*)

In retort, Plaintiff points out that the cases ALIC relies on are inapposite; standing is a factually-driven inquiry that must consider the specific information Plaintiff alleges was revealed through ALIC's careless actions, when ALIC had an affirmative duty to protect Plaintiff's healthcare information. (Doc. 42, ¶¶ 11–29.) Furthermore, Plaintiff notes that he/she did plead that third parties viewed the private information regarding his/her HIV status—from the postal office workers to the residents in Plaintiff's home. (*Id.* ¶¶ 21–25.)

Plaintiff is right. As pled, there are sufficient allegations to support injury-in-fact here, given the specific information viewable through the envelope's window and the circumstances surrounding its exposure. (*See* Doc. 39, ¶¶ 9–16.) The window revealed Plaintiff's prescriptions for HIV medication, yet as Plaintiff alleges, Plaintiff's HIV status was "kept private from all persons except for those specifically chosen by [Plaintiff]" to share such personal information. (*Id.* ¶¶ 10, 13.) And not only does Plaintiff allege that various postal office employees "must have viewed" this information, but also Plaintiff's "friends, neighbors, and members of his/her household" because the information was "openly disclosed" given the large window. (*Id.* ¶¶ 15, 17.) So viewing these facts in Plaintiff's favor, as the Court must, Plaintiff sufficiently demonstrates injury-in-fact to establish standing to sue. Thus, the Court denies ALIC's 12(b)(1) motion.

**B.     12(b)(6) Motion**

Next, ALIC submits two 12(b)(6) arguments: (1) ERISA preempts Plaintiff's claims; and (2) each claim fails to state a plausible cause of action. (Doc. 40, pp. 10–23.)

1.  **ERISA preemption**

Passed in 1974, ERISA "subjects to federal regulation plans providing employees with fringe benefits. ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). The statute "sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility." *Id.* at 91. Thus, to promote uniformity, ERISA preempts "'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Id.* (quoting 29 U.S.C. § 1144(a)). "This preemption provision is given a broad construction." *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1242 (11th Cir. 1989) (citations omitted). State common law claims "arising out of the administration of benefits under a pension plan are within the limits of ERISA's reach," as well as "claims which directly impact on the administration of a pension plan," claims arising from "improper processing of a claim for benefits," and "claims depending from the fiduciary duties covered by ERISA." *Id.* at 1243 (citations omitted).

Although tensile, § 514 preemption cannot be stretched out like filo dough to cover any state-law claim tangentially connected to an ERISA plan. As the U.S. Court of Appeals for the Eleventh Circuit has recognized, "ERISA preempts state law claims *only as they relate to employee benefit plans.*" *Id.* (citation omitted). Thus, when faced with a complaint that "does not establish any nexus between the allegedly tortious conduct and an ERISA covered plan," the Eleventh Circuit found this preemption provision did not apply. *Id.* at 1244.

Here, ALIC propounds that Plaintiff's claims "relate to" an ERISA plan because

Plaintiff would not have received the written notice were if not for Plaintiff's participation in his/her employee benefit plan. (Doc. 40, pp. 11–13.) Notices like this, ALIC remarks, are "a routine and necessary part of the administration of an ERISA plan." (*Id.* at 13.) Thus, Plaintiff should not be suing ALIC to air such grievances—rather, Plaintiff should direct these claims to the plan's administrator under ERISA. (*Id.* at 12.)

ALIC's argument misses the mark. As Plaintiff points out, in no way are Plaintiff's claims "premised upon the administration, processing of claims, or any denial of claims related to Plaintiff's employer benefit plan." (Doc. 42, ¶ 33.) Rather, these claims are directed specifically at ALIC for its handling—or mishandling—of Plaintiff's sensitive health information. (*See id.*) That Plaintiff happens to be a client of ALIC based on an employee benefit plan has no import here—indeed, "even if the employer benefit plan did not exist at all, Plaintiff would still have a cause of action against ALIC." (*Id.* ¶ 34. (emphasis omitted).) As such, Plaintiff's claims differ from other state-law claims susceptible to ERISA preemption under this section. *See Clark*, 865 F.2d at 1243 (dissecting types of claims preempted based on the circumstances the claim arises under, rather than the type of claim altogether); *Garren v. John Hancock Mututal Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (" A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."). So the Court finds that Plaintiff's claims fall outside the reach of § 514 ERISA preemption.

Beyond § 514 preemption, ALIC submits that § 502 preempts Plaintiff's claims. Section 502 preemption is narrower than § 514; it applies to actions brought by an ERISA

participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §§ 1132(a)(1)(B). To determine whether a cause of action falls "within the scope" of this provision, a court must find: (1) the individual, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)"; and (2) "there is no other independent legal duty that is implicated by [the] defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). ALIC contends that both prongs are met here because Plaintiff could have asserted claims for ALIC's failure to follow the terms of its health plan and breach of fiduciary duties; and Plaintiff's claims all stem from ALIC's alleged failure to perform its plan duties, rather than an independent legal duty. (Doc. 40, pp. 13–15.) Plaintiff responds that all claims are premised on ALIC's unauthorized disclosure of Plaintiff's HIV positive status in violation of Florida Statute 381.004(5)(c), an independent legal duty, without challenging ALIC's contention that these claims could have been brought under ERISA. (Doc. 42, ¶¶ 37–41.)

Here, ALIC has a point. As pled, Plaintiff's claims for breach of contract, negligence, and negligent infliction of emotional distress all rest on the terms of Plaintiff's plan with ALIC. (*See* Doc. 39, ¶¶ 5–7, 22, 26–30, 34–36.) And unlike Plaintiff's claim for invasion of privacy (*id.* ¶¶ 52–54), these three claims do not reference ALIC's alleged statutory obligations under Florida law to safeguard Plaintiff's HIV status. (*See id.* ¶¶ 21–40.) Only in response to the Motion does Plaintiff say all claims (including a claim for negligence per se that is not expressly alleged) rest on the independent legal duty of Florida law. (*See* Doc. 42, ¶¶ 37–41.) But the Court cannot accept Plaintiff's blanket

-9-

statement given the nature of these claims—where Plaintiff is claiming breach of *contract* based on HIPAA and Plaintiff's "healthcare plan documents," it is too much to swallow that this claim, as pled, separately hinges on a Florida statutory provision. (Doc. 39, ¶ 22); *cf. Doe v. Jasper*, No. 8:17-cv-700 T-24 AEP, 2017 WL 4286621, at *5 (M.D. Fla. Sept. 27, 2017) (finding § 502 preemption did not apply to Plaintiff's claims for invasion of privacy, negligence per se, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress because they alleged violations of Fla. Stat. § 381.004). So too go Plaintiff's negligence claims, based on ALIC's "reasonable duty of care to maintain the confidentiality and security of [Plaintiff's] health care information." (Doc. 39, ¶¶ 26, 34.) The Court reads this duty, as alleged, to spring from the plan, not Florida law.

Thus, for these claims, Plaintiff has not pled an independent legal duty to withstand ALIC's § 502 challenge. And as Plaintiff did not rebut ALIC's argument that these claims could have been brought under ERISA, the Court finds that these claims, as pled, cannot continue. Yet the Court will provide Plaintiff the opportunity to re-plead should these claims actually invoke an independent legal duty. For the invasion of privacy claim, the Court finds that Plaintiff adequately pled an independent legal duty to survive § 502 preemption. *See Jasper*, 2017 WL 4286621, at *5.

### 2. Failure to state a claim

Having found Plaintiff's first three claims are subject to dismissal, the Court now addresses whether the remaining claim for invasion of privacy passes 12(b)(6) muster.[3]

---

[3] Also because these claims are dismissed, the Court does not address ALIC's independent tort doctrine argument. (Doc. 40, p. 23.)

At the pleading stage, this claim does.

Under Florida law, an invasion of privacy claim for public disclosure of private facts has four elements: (1) the publication; (2) of private facts; (3) that are offensive; and (4) are not of public concern. *Doe v. Univision TV. Group, Inc.*, 727 So. 2d 63, 63 (Fla. 3d. DCA 1998). Plaintiff alleges that ALIC's disclosure of his/her HIV status through the envelope's large window to postal workers and Plaintiff's housemates meets these elements. (Doc. 39, ¶¶ 8–17, 51–59.) To ALIC, such doesn't suffice because Plaintiff "cannot plead publication to even a single person." (Doc. 40, p. 23.) Yet the Court, at this stage, finds Plaintiff's claim plausible given the manner of delivery—through the postal service—and Plaintiff's living situation—housemates who Plaintiff alleges were not privy to Plaintiff's positive HIV status. (*See* Doc. 39, ¶¶ 8–17.) Thus, this claim survives ALIC's Motion.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Second Amended Complaint with Prejudice and Memorandum of Law in Support (Doc. 40) is **GRANTED IN PART AND DENIED IN PART**:

    a. Counts I, II, and III of Plaintiff's Second Amended Complaint (Doc. 39, ¶¶ 21–40) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    b. In all other respects, the Motion is **DENIED**.

2. On or before Thursday, **January 10, 2018**, Plaintiff may file an amended

complaint consistent with the strictures of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 27, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record